CHARLES ASHTON, PLAINTIFF IN ERROR, v. STATE OF NEBRASKA, DEFENDANT IN ERROR.

112 N. W. 2d 540

Filed December 22, 1961. No. 35086.

*Clayton H. Shrout* and *Arthur L. Foley,* for plaintiff in error.

*Clarence A. H. Meyer,* Attorney General, *Cecil S. Brubaker,* and *George W. Haessler,* for defendant in error.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

MESSMORE, J.

The plaintiff in error, Charles Ashton, hereinafter called the defendant, was charged in substance as follows: On April 18, 1960, Charles Ashton did unlawfully and willfully operate a motor vehicle on the public highways of Saunders County in the State of Nebraska, while said motor vehicle did not have at all times displayed thereon one Nebraska license number plate on the front thereof or on the back thereof, for the current year, furnished for said motor vehicle as provided by the laws of the State of Nebraska. The action was brought in the justice court for Saunders County, Nebraska. A plea of not guilty was entered by the defendant's counsel in the defendant's behalf. The case came on for trial. The defendant was found guilty as charged in the complaint and was ordered to pay a fine of $10 and costs. An appeal was taken to the district court for Saunders County. The parties waived trial to a jury and stipulated to a trial by the court. The defendant also waived arraignment, confrontation of witnesses, and the production of testimony. After evidence was adduced, the trial court found the defendant guilty as charged in the complaint. The defendant filed a motion to enter judgment of acquittal notwithstanding the verdict, or in the alternative for a new trial. This motion was overruled. The trial court assessed a fine of $25 against the defendant and taxed the costs of prosecution to him in the amount of $35.25. The defendant prosecuted error proceedings to this court.

The record shows that a scale officer employed by the State of Nebraska at what is known as state scale No. 3, testified that he had reason to contact the defendant on April 18, 1960; and that upon weighing a truck the defendant was driving, and while checking the defendant's registration, he found that the defendant had a

Michigan licensed tractor and an Iowa licensed trailer, and he issued a summons for him to appear in court.

Alvin N. Scissors testified that he was the Director of the Department of Motor Vehicles of the State of Nebraska; that among his duties he was to administer the laws, rules, and regulations of the state governing the operation of motor vehicles, and of reciprocity agreements between the states; that there was a reciprocity agreement executed and in force between the State of Nebraska and the State of Michigan; and that such agreement was in effect on April 18, 1960, and at the time of trial. This witness further testified that in his position he was in contact with the heads of similar departments in other states relating to regulation, reciprocity agreements, and other matters pertaining to the operation of motor vehicles; and that he had had specific correspondence with an officer who had charge of reciprocity agreements in the State of Michigan. This correspondence was from the special assistant to the Secretary of State of the State of Michigan and was offered in evidence and objected to on the grounds that it was incompetent evidence, was not material, and not relevant. This objection was overruled.

On cross-examination this witness testified that there had been a reciprocity agreement with the State of Iowa which was no longer in effect; and that there was a similar agreement with the State of Iowa in effect but which did not relate to a reciprocity agreement with such state.

The parties stipulated the following: That at the time the summons was issued and served on him, the defendant was a resident of Kalamazoo, Michigan; that the tractor involved in this alleged offense was owned by the defendant; that the trailer involved in this alleged offense was owned by the Omaha Equipment Company, an Iowa partnership; that a partner in the Iowa partnership of the Omaha Equipment Company was a principal stockholder in the Michigan-Nebraska Transit Company; that both units, the tractor and the

trailer, were leased to the Michigan-Nebraska Transit Company; and that the Michigan-Nebraska Transit Company is an interstate carrier duly licensed by the Interstate Commerce Commission and does no intrastate business within the State of Nebraska.

The defendant contends that the trial court erred in finding the defendant guilty of driving with no Nebraska license plates since the defendant was within the terms of reciprocity agreements between the States of Nebraska and Michigan; that the trial court erred by allowing unofficial correspondence from a nonresident state official to be put into evidence over defendant's objection, to prove the validity of an unofficial interpretation by a state official of a reciprocity agreement between the State of Michigan and the State of Nebraska; and that the trial court erred in allowing the opinion of the Director of the Department of Motor Vehicles into evidence, since mere opinion of the Director of the Department of Motor Vehicles of the State of Nebraska and of the special assistant to the Secretary of State of the State of Michigan who is in charge of reciprocity matters, cannot control the effect of the plain language of the statutes under which their duties are administered.

Section 60-301, R. R. S. 1943, provides in part: "As used in sections 60-301 to 60-344, unless the context otherwise requires: * * * (4) Trailer shall include every vehicle without motor power carrying persons or property and being pulled by a motor vehicle and so constructed that no part of its weight rests upon the towing vehicle; * * * (7) Truck-tractor shall mean every motor vehicle designed and used primarily for drawing other vehicles, and not so constructed as to carry a load other than a part of the weight of the vehicle and load being drawn; * * *."

Section 60-305.02, R. R. S. 1943, provides: "Trucks, truck-tractors, semitrailers, trailers, or buses, from states other than Nebraska, entering Nebraska shall be re-

quired to comply with all the laws and regulations ·of. any nature imposed on Nebraska trucks, truck-tractors,· semitrailers, trailers, or buses, and to ..comply with all the requirements as to .payment of all license fees, permit fees, and fees of whatever character which owners of trucks, truck-tractors, semitrailers, trailers, or buses, owned and operated in Nebraska, are required to pay when operating in such foreign state, unless the state or states, in which such trucks, truck-tractors, semitrailers, trailers, or buses are domiciled, grant reciprocity comparable to that extended .by the laws of Nebraska."

Section 60-305.03, R. R. S. 1943, provides in part: "(1) In case a foreign state or territory is not reciprocal as to license fees on commercial trucks, truck-tractors, semitrailers, trailers, or buses, the owners of such nonresident vehicles from those states or territories will be required to pay the same license fees as are charged residents of this state in such foreign state or territory. In case no fees are charged in Nebraska on trucks, trucktractors, semitrailers, trailers, or buses, other than license fees, and the reciprocity law of .any other foreign state or territory does not act to exempt Nebraska trucks, truck-tractors, semitrailers, trailers, ·or buses operating in that state from payment of all fees whatsoever, the owners of such foreign trucks, truck-tractors, semitrailers, trailers, or buses shall be required to pay a fee in an amount equal to the fee of whatever character, other than license fee, is charged by such other state to foreign trucks, truck-tractors, semitrailers, trailers, or buses; * * *.

"(2) In order to effect the purposes of section 60-305.02 and subsection (1) of this section, and section 60-305.09 (which latter section had no applicability to the case at bar), the Director of Motor Vehicles shall have the power, duty and authority to enter into reciprocal agreements with the duly authorized representatives of other jurisdictions, including states, districts, territories or possessions of the United States, and

foreign countries, states or provinces granting to vehicles or owners of vehicles which are properly registered or licensed in such jurisdictions, and for which evidence of compliance is supplied, benefits, privileges and exemptions from the payment, wholly or partially, of any fees, or other charges imposed upon such vehicles or owners with respect to the operation or ownership of such vehicles under the laws of this state. Such agreements or arrangements shall provide that vehicles registered or licensed in this state when operated upon the highways of such other jurisdictions shall receive exemptions, benefits and privileges of a similar kind or to a similar degree as are extended to vehicles from such jurisdictions in this state. The director may withdraw from any agreement when he determines that it shall be for the best interest of the State of Nebraska upon thirty days notice. * * *

"(3) In the absence of an agreement or arrangement with any jurisdiction, the Director of Motor Vehicles is authorized to examine the laws and requirements of such jurisdiction and to declare the extent and nature of exemptions, benefits and privileges to be extended to vehicles registered in such jurisdiction, or to the owners or operators of such vehicles.

"Where no written agreement or arrangement has been entered into with another jurisdiction, or declaration issued pertaining thereto, any vehicle properly registered in such jurisdiction, and for which evidence of compliance is supplied, may be operated in this state and shall receive the same exemptions, benefits and privileges granted by such other jurisdiction to vehicles registered in this state.

"(4) Where a trailer or semitrailer has been duly registered in any jurisdiction, no registration or license fee therefor shall be required in this state when such trailer or semitrailer is operated in combination with any truck or truck-tractor properly licensed or registered in accordance with this act or agreements, ar-

rangements or declarations pursuant to this act.

"(5) All agreements, arrangements, declarations and amendments authorized by this act shall be in writing and shall become effective when filed in the office of the Director of Motor Vehicles.

"(6) Agreements or arrangements entered into or declarations issued under the authority of this section may contain provisions denying exemptions, benefits and privileges granted in such agreements, arrangements, or declarations to any vehicle which is in violation of conditions stated in such agreements, arrangements or declarations.

"(7) Properly registered shall mean a vehicle licensed or registered in one of the following:   (a) The jurisdiction where the person registering the vehicle has his legal residence, or (b) the jurisdiction in which a commercial vehicle is registered, where the operation in which such vehicle is used has a principal place of business therein, and from or in which the vehicle is most frequently dispatched, garaged, serviced, maintained, operated or otherwise controlled, and the vehicle is assigned to such principal place of business, or (c) the jurisdiction where, because of an agreement or arrangement between two or more jurisdictions, or pursuant to a declaration, the person registering the commercial vehicle has licensed the vehicle as required by said jurisdiction.

"(8) It shall be unlawful to operate trucks, truck-tractors, semitrailers, trailers, or buses owned by non-residents who are not in compliance with the provisions of subsections (1) and (2) of this section and with section 60-305.02, or any agreement executed under the authority granted hereunder."

The defendant has at all times maintained that the truck-tractor which he was driving at the time of his arrest was properly registered in Michigan, and the trailer attached was properly registered in Iowa.   The State of Nebraska does not dispute this fact.

Subsection (4) of section 60-305.03, R. R. S. 1943, is plain and unequivocal. To repeat, it provides that where a trailer or semitrailer has been duly registered in any jurisdiction, no registration or license fee therefor shall be required in this state when such trailer or semitrailer is operated in combination with any truck or truck-tractor properly licensed or registered in accordance with this act or agreements, arrangements, or declarations pursuant to this act. The defendant had a properly registered trailer in Iowa and a properly registered tractor in Michigan. He was pulling a trailer in interstate commerce across the State of Nebraska. Under subsection (4) of section 60-305.03, R. R. S. 1943, he was not required to purchase license plates in the State of Nebraska, and the reciprocity agreement between the State of Nebraska and the State of Michigan does not prohibit this right. There is nothing ambiguous with reference to section 60-305.03, R. R. S. 1943. The language therein is plain and capable of interpretation without difficulty insofar as the factual situation in the instant case is concerned.

This brings us to the correspondence, wherein the special assistant to the Secretary of State in charge of reciprocity agreements in the State of Michigan, on May 24, 1960, by a letter to the Director of the Department of Motor Vehicles of the State of Nebraska stated: "In your telephone conversation you outlined certain facts concerning a carrier operating in Nebraska with a Michigan plated tractor and an Iowa plated trailer. Please be advised that such a combination would not be permitted to operate over Michigan highways. If it is a Michigan carrier that is involved we would require him to plate both units of the combination in Michigan. If it is a Nebraska or Iowa carrier then we would not extend reciprocity to him unless both units were plated in either Iowa or Nebraska."

Certainly this correspondence could in no manner change or invalidate the clear meaning of subsection

(4) of section 60-305.03, R. R. S. 1943. The Director of the Department of Motor Vehicles of this state acts solely by virtue of the statutes which prescribe his powers and functions, and he can only exercise such powers as are provided for by statute. The correspondence heretofore mentioned bears no relation to the law of this state as is clearly indicated by the statutes heretofore cited. The trial court erred in admitting this correspondence into evidence.

For the reasons given in this opinion, we conclude that the judgment of the trial court was prejudicially erroneous. The judgment of the trial court is reversed and the cause remanded with directions to dismiss the complaint.

REVERSED AND REMANDED WITH DIRECTIONS.